IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,583-11






EX PARTE FREDDIE LEE WALKER AKA LORENZO FRANKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11-0063-CR IN THE 2ND 25TH DISTRICT COURT


FROM GUADALUPE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
burglary of a building and sentenced to two-year concurrent sentences on these counts to be served
in a state jail facility. Applicant did not appeal these convictions.

 Applicant contends, inter alia, that he is illegally confined in the Institutional Division of the
Texas Department of Criminal Justice (TDCJ) on these sentences. Applicant has alleged facts that,
if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall determine whether Applicant is confined
in the Institutional Division of the TDCJ on these sentences. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is confined in the
Institutional Division of the TDCJ on these sentences. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 24, 2011

Do not publish